DUNAN LUMBER COMPANY v. FLORIDA TRAVERTINE CORPORATION, *et al.*

162 So. 873.
Division B.
Opinion Filed May 11, 1935.
Rehearing Denied May 27, 1935.

*D. R. Peacock,* for Appellant;

*Dewey A. Dye, N. Dwight Ford* and *Rice & Blakey,* for Appellees.

PER CURIAM.—Jones-Yeoman, Inc., a corporation, filed bill of complaint to foreclose a lien reserved in a deed of conveyance whereby certain lands and tenements were conveyed to Florida Travertine Corporation.

In that suit Florida Travertine Corporation was made defendant as the debtor and the legal holder of the title to the property upon which the lien was claimed. It was alleged that Dunan Lumber Company, a Florida corporation, and E. F. Staples each claimed to have some interest, lien or

claim upon the premises and Dunan Lumber Company and Staples, were, therefore, made parties defendant.

Later the bill was amended to include Lewis H. Hall, Jr., as a defendant, alleging that he claimed some lien, title or interest in the lands.

Florida Light & Power Company filed an answer in the cause alleging that it had recovered a judgment against defendant, Florida Travertine Corporation, on the 26th of January, 1934. That corporation claimed the right to have its judgment satisfied out of the personal property which had been placed on the premises after the sale to Florida Travertine Corporation by Jones-Yeoman, Inc., and upon which it was alleged that no lien was retained by the vendor. The case was tried upon stipulation of facts, together with exhibit of certain judgments and decrees and other documentary evidence. Section 12-E of the stipulation of facts is as follows:

"(12-e). That the defendant Dunan Lumber Company has an indebtedness in the amount of $696.25, against the defendant Florida Travertine Corporation, together with interest thereon from the ...... day of ...... ,for which indebtedness it claims a material man's lien upon the following described property, to-wit: 'The NW¼ of the NE¼ of Section 5, Township 35 South, Range 18 East lying East of Sugar House Creek, or what is known as the Watson Tract, and the tract lying East of Sugar House Creek of said quarter section, and also on the land on which the said building structures and materials are now located,' for material furnished on the period of time beginning in May, 1928, and continuing until building operations suspended, said lien is embraced in a final decree by reference made a part hereof."

Therefore, it appears that this party to the suit, the same

being the appellant here, had only acquired a lien on the property described in this paragraph. So it is not concerned with the priorities of liens between other parties to the suit which had attached to personal property. Under the stipulation and other evidence there could be no doubt that Jones-Yeoman, Inc., held a prior and superior lien to that of Dunan Lumber Company covering the property embraced in the Dunan Lumber Company lien because Jones-Yeoman, Inc., retained the lien for purchase money and to secure the payment of royalties in the deed of conveyance by which Florida Travertine Corporation acquired title to the land and, therefore, that title went into Florida Travertine Corporation encumbered by that lien.

As we read the record, there is no controversial matter to be determined. The decree appealed from appears to be without error and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.